EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Marcos Delgado Adorno<br><br>Recurrido<br><br>v.<br><br>Foot Locker Retail, Inc.<br><br>Peticionario | Certiorari<br><br>2022 TSPR 08<br><br>208 DPR ____ |

Número del Caso: CC-2020-327


Fecha: 20 de enero de 2022


Tribunal de Apelaciones:

 Región Judicial de Caguas


Abogado de la parte peticionaria:

 Lcdo. Gabriel A. Quintero O'Neill



Abogado de la parte recurrida:

 Lcdo. Alberto Estrella Arteaga
 Lcdo. Wilfredo Soto Suárez



Materia: Sentencia con Opinión de Conformidad



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marcos Delgado Adorno

    Recurrido

        v.

Foot Locker Retail, Inc.

    Peticionario

CC-2020-0327

SENTENCIA

En San Juan, Puerto Rico, a 20 de enero de 2022.

Evaluado y expedido el recurso de certiorari que presentó Foot Locker Retail, Inc., se revoca el dictamen que emitió el Tribunal de Apelaciones. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que consigne los hechos materiales que encontró de buena fe controvertidos conforme lo exige la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una Opinión de Conformidad. Los Jueces Asociados señores Estrella Martínez y Colón Pérez disienten sin opinión escrita.

                  Javier O. Sepúlveda Rodríguez
                  Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marcos Delgado Adorno

    Recurrido

        v.

Foot Locker Retail, Inc.

    Peticionario

CC-2020-0327

La Jueza Presidenta Oronoz Rodríguez emitió una Opinión de Conformidad

En San Juan, Puerto Rico, a 20 de enero de 2022.

En la controversia ante nosotros correspondía determinar si el Tribunal de Apelaciones erró al denegar un recurso de certiorari que presentó Foot Locker Retail, Inc. (Foot Locker). Mediante ese recurso, Foot Locker solicitó la revisión de una Resolución del Tribunal de Primera Instancia que denegó su Moción de Sentencia Sumaria sin hacer constar los hechos materiales sobre los cuales existía controversia real y al señalar como asuntos en controversia asuntos de estricto derecho. Por entender que procede devolver el caso al Tribunal de Primera Instancia para que consigne los hechos materiales que encontró de buena fe controvertidos conforme lo exige la Regla 36.4 de Procedimiento Civil,

infra dentro del marco de las causas de acción de índole laboral que el recurrido presentó, estoy conforme.

Exponemos el trasfondo fáctico y procesal que originó esta controversia.

## I

El 15 de marzo de 2018 el Sr. Marcos Delgado Adorno (recurrido) presentó una Querella enmendada contra Foot Locker sobre despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976 (Ley Núm. 80), y discrimen por razón de edad, al amparo de la Ley Núm. 100 de 30 de junio de 1959, (Ley Núm. 100).[1] Alegó que Foot Locker lo contrató el 13 de octubre de 1995 por término indefinido. Sostuvo que durante los 21 años que trabajó para Foot Locker siempre recibió evaluaciones excelentes sobre su desempeño. Planteó que, desde el año 2010, se desempeñó como "Manager Trainer", posición que mantuvo hasta el 11 de mayo de 2017 cuando Foot Locker lo despidió.

En la Querella enmendada narró que el 30 de enero de 2017 un empleado de la tienda que tenía a su cargo hizo una compra para su hermano y le aplicó el descuento que se le concede a los empleados y las empleadas. Alegó que cuando se percató de la transacción intervino con el empleado inmediatamente. Adujo que le apercibió al empleado que, de incurrir nuevamente en esa actuación, lo reportaría a la oficina de Recursos Humanos. Argumentó que no autorizó la transacción.

---

[1] Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185 et seq. Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 et seq.

Expuso que, a consecuencia de lo anterior, el 30 de enero de 2017 Foot Locker envió un investigador a su tienda para llevar a cabo una auditoría de las compras en descuento realizadas por los empleados y las empleadas. Puntualizó que, como resultado de esa investigación, Foot Locker lo despidió. Alegó que su despido fue injustificado, arbitrario y caprichoso. Sostuvo, además, que su despido constituyó una actuación discriminatoria por razón de su edad, pues al momento del despido tenía 52 años. Añadió que la persona que lo sustituyó tenía 25 años.

Conforme con lo anterior, reclamó el pago de la mesada, una cantidad en concepto de honorarios no menor del 25%, $100,000.00 por los daños emocionales y económicos que sufrió, más una suma igual como penalidad y los ingresos dejados de percibir, conforme a la ley.[2]

Por su parte, Foot Locker presentó su *Contestación a querella enmendada*. En síntesis, negó que el despido hubiese sido injustificado o discriminatorio. Argumentó que el recurrido incurrió en actuaciones negligentes, conducta impropia, desordenada e insubordinada, en crasa violación a las reglas y políticas de la empresa. En consecuencia, sostuvo que el despido del recurrido fue justificado.

Tras varios trámites procesales, el Tribunal de Primera Instancia señaló juicio en su fondo para los días 28 al 31 de octubre y 1 de noviembre de 2019. Sin embargo,

---

[2] El Sr. Marcos Delgado Adorno (recurrido) tramitó su caso mediante el procedimiento sumario disponible para las reclamaciones laborales en la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 (Ley Núm. 2). Tras varios trámites procesales, el Tribunal de Primera Instancia convirtió el caso al procedimiento ordinario.

el 10 de septiembre de 2019 Foot Locker presentó una Moción de sentencia sumaria sobre la totalidad de las causas de acción. Enumeró 97 hechos incontrovertidos los cuales sustentó con prueba documental y videos de cámaras de seguridad.

El recurrido, por su parte, presentó su *Oposición a moción de sentencia sumaria*. Negó los hechos presuntamente incontrovertidos. Argumentó que Foot Locker intentó establecer la veracidad de esos hechos materiales mediante prueba de referencia inadmisible. Además, puntualizó que Foot Locker no autenticó el contenido de los videos de las cámaras de seguridad.

Tras varios trámites adicionales, el Tribunal de Primera Instancia emitió una *Resolución* en la cual denegó la Moción de sentencia sumaria que Foot Locker presentó. No obstante, acogió 74 de los 97 hechos incontrovertidos que Foot Locker enumeró. A modo general, razonó que existían hechos esenciales en controversia en torno a la causa de acción del despido. En consecuencia, concluyó que este caso no se debía resolver por la vía sumaria. Sin embargo, no incluyó los hechos materiales que, a su juicio, estaban controvertidos. En cambio, el foro primario determinó lo siguiente:

**"ASUNTOS EN CONTROVERSIA**

1. Contenido y autenticidad de los videos de las cámaras de seguridad de la tienda Foot Locker con relación a las transacciones en controversia.
2. Nexo entre el contenido de los videos y la causa del despido del querellante Marcos Delgado Adorno". (Negrillas en el original).

Inconforme, Foot Locker acudió al Tribunal de Apelaciones mediante un recurso de certiorari. Solicitó que se revocara la Resolución del foro primario. Argumentó que el Tribunal de Primera Instancia erró al no consignar específicamente los hechos que estaban en controversia y las razones para ello, de conformidad con la Regla 36.4 de Procedimiento Civil, infra. Añadió que los asuntos que el foro primario identificó como **"Asuntos en controversia"** en realidad son cuestiones de derecho.

El Tribunal de Apelaciones negó expedir el recurso. Razonó que la determinación del Tribunal de Primera Instancia no era manifiestamente errónea y encontraba cómodo asilo en la sana discreción de ese tribunal.

En desacuerdo, Foot Locker acudió ante este Tribunal. En sus señalamientos de error argumentó que el Tribunal de Apelaciones incidió al razonar que el foro primario tenía discreción para no consignar los hechos que están en controversia. Añadió que el Tribunal de Apelaciones erró al no corregir al foro primario cuando este catalogó como asuntos en controversia cuestiones de estricto derecho.

Adicionalmente, Foot Locker señaló que aun cuando se pudiera especular que los hechos que el foro primario omitió consignar en su *Resolución* son los hechos que estimó controvertidos, ello sería una interpretación contraria a derecho. Sostuvo que esa omisión afecta sustancial e indebidamente su derecho a la revisión apelativa de la *Resolución*, pues no procede especular sobre cuáles son los

hechos esenciales que el foro primario entendió que estaban en controversia. Por último, alegó que el foro primario abusó de su discreción al concluir que existía controversia con relación a los videos de las cámaras de seguridad y que esa evidencia tenía que ser autenticada en un juicio.

El recurrido presentó su *Oposición a expedición de auto de certiorari*. Argumentó que existía controversia real sobre los hechos esenciales que motivaron el despido. Reiteró que Foot Locker pretende impartirle veracidad a las determinaciones de hechos que alegó como incontrovertidos en su Moción de sentencia sumaria mediante la utilización de videos cuyo contenido no se ha autenticado y mediante prueba de referencia.

Con el beneficio de las comparecencias de ambas partes, resolvemos.

## II

### A. El mecanismo de la sentencia sumaria

Hemos reconocido que uno de los propósitos principales de la moción de sentencia sumaria "es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que no ameritan la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una controversia de derecho". Vera v. Dr. Bravo, 161 DPR 308, 331 (2004). Bajo el mismo razonamiento, hemos reiterado que "[u]tilizada de la forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales". Íd., pág. 332.

Véase, Lugo Montalvo v. Sol Melia Vacation Club, 194 DPR 209, 226 (2015).

La Regla 36 de Procedimiento Civil gobierna lo referente a la sentencia sumaria. Véase, R. 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V. En atención a ello, preceptúa la información que debe contener esa solicitud, su notificación y la forma en la cual debe contestar la parte que se opone a ella. De manera que, cuando se presenta una moción de sentencia sumaria, cada hecho material sobre el cual no hay controversia sustancial se debe sostener con indicación a los párrafos individualmente enumerados y a las páginas de las declaraciones juradas u otra prueba admisible en evidencia. 32 LPRA Ap. V, R. 36 (a). La parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. 32 LPRA Ap. V, R. 36 (b), (c).

Respecto al rol del Tribunal de Primera Instancia, la Regla 36.4 expresamente dispone:

> "Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**". 32 LPRA Ap. V, R. 36.4. (Negrillas suplidas).

Es a base de esas determinaciones que el foro primario podrá dictar los remedios correspondientes, si alguno. La obligación que tiene el Tribunal de Primera Instancia en virtud de la Regla 36.4 de las Reglas de Procedimiento Civil, supra, "es la única forma de propiciar una revisión adecuada por los foros apelativos". Meléndez González v. M. Cuebas, Inc., 193 DPR 100, 113-114 (2015) (citando a J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T.III, pág. 1074-1075). Por ende, al evaluar la solicitud de sentencia sumaria, los tribunales deben siempre: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583, 598 (2014).

Hemos establecido que un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Meléndez González v. M. Cuebas, Inc., supra, pág. 110. Véase, Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010) (citando a J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 609). La determinación de qué constituye una conclusión de derecho y una determinación de

hecho no es tarea fácil. Sin embargo, hemos reconocido que se considerará como una conclusión de derecho:

> "[c]ualquie[r] deducción o inferencia de un hecho probado, que no represente una deducción o una inferencia de tal hecho, *sino que represente la aplicación de un principio de ley, de un razonamiento lógico o de una opinión jurídica al hecho probado*, o al hecho deducido o inferido del hecho probado". <u>Lugo Montalvo v. Sol Melia Vacation Club</u>, supra, pág. 226. (citando a <u>Sanabria v. Sucn. González</u>, 82 DPR 885, 997 (1961)) (Énfasis en el original).

Similarmente, en <u>Lugo Montalvo v. Sol Melia Vacation Club</u>, supra, expresamos que "[u]n hecho en el campo jurídico es un acontecimiento o un comportamiento determinado y pertinente para la norma legal que se pretende aplicar". <u>Íd.</u>, pág. 226. En otras palabras, "las determinaciones de hechos establecen qué fue lo que pasó, mientras que en las conclusiones de derecho se determina el significado jurídico de esos hechos conforme a determinada norma legal". <u>Íd.</u>

La diferenciación entre controversias de hechos y derecho es una de importancia medular. Máxime, si se trata de asuntos analizados al amparo de una solicitud de sentencia sumaria que es de carácter dispositiva. Por eso advertimos que catalogar erróneamente controversias de derecho como controversias de hechos "eliminaría virtualmente el mecanismo de la sentencia sumaria de nuestro ordenamiento procesal, pues esta requiere expresamente la inexistencia de una controversia de hechos materiales". <u>Íd.</u>

### III

El Tribunal de Primera Instancia denegó la *Moción de sentencia sumaria* que presentó Foot Locker. Para fundamentar esa determinación, consignó 74 hechos incontrovertidos que Foot Locker sustentó con prueba documental. Además, concluyó que existían hechos en controversia en torno a la causa del despido del recurrido. Razonó que, ante la existencia de controversia sobre hechos esenciales y pertinentes, no podía emitir una determinación en cuanto a las reclamaciones ante su consideración. Coincidimos con su apreciación.

Ahora bien, en su *Resolución* el foro primario omitió consignar los hechos que encontró de buena fe controvertidos conforme lo exige la Regla 36.4 de Procedimiento Civil, <u>supra</u>. En su lugar, denominó como **"Asuntos en controversia"**: (1) el contenido y autenticidad de los videos de las cámaras de seguridad de la tienda Foot Locker, y (2) el nexo entre el contenido de los videos y la causa del despido del recurrido.

El primero se trata, sin duda, de un asunto de derecho, pues para determinar la autenticidad de cierta prueba se requiere aplicar un principio de derecho. El segundo es también una controversia de derecho, pues para evaluar si el contenido de cierta prueba tiene nexo con la causa del despido o es pertinente a un hecho material, el foro primario tiene que emplear principios de derecho y razonamiento jurídico.

En consecuencia, el Tribunal de Primera Instancia erró al emitir una Resolución en la cual denegó una solicitud de sentencia sumaria sin consignar los hechos materiales sobre los cuales determinó que existía controversia real y al denominar como asuntos en controversia cuestiones de derecho. Estos errores operan en contravención al estándar que exige la Regla 36.4 de Procedimiento Civil, supra. A tono con lo anterior, el Tribunal de Apelaciones debió intervenir toda vez que se encontraba ante la denegatoria de una moción de sentencia sumaria de carácter dispositivo. Al negarse a ello, incumplió con su deber de evitar y corregir un error perjudicial que puede ocasionar un fracaso a la justicia, pues la omisión del foro primario de consignar los hechos que están en controversia priva a las partes y a los tribunales de una revisión judicial adecuada.

Precisamente por esa omisión, estamos impedidos de analizar el señalamiento de error que versa sobre alegados hechos materiales en controversia relacionados a los videos de las cámaras de seguridad. Para descargar nuestra función revisora no podemos especular a cuáles hechos materiales en controversia se refirió el foro primario. Ese tribunal debe emitir un dictamen con relación a la moción de sentencia sumaria que cumpla con las exigencias de la Regla 36 de Procedimiento Civil, supra

Por los fundamentos anteriores, estoy conforme con la sentencia que emitió este Tribunal.


                                Maite D. Oronoz Rodríguez
                                    Jueza Presidenta